# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DEMETRIOUS SMITH, et al.,
    Plaintiffs

vs                                    Misc. Case No. 05-mc-107

ABN AMRO MORTGAGE
GROUP, INC., et al.,                         **ORDER**
    Defendants.                              (Dlott, J.)

       This matter is before the Court on plaintiffs' motion for reconsideration (Doc. 4), defendant National Mortgage Funding's memorandum in opposition (Doc. 6), and defendant Aegis Funding Corporation's memorandum in opposition. (Doc. 7).

       On December 14, 2005, the Court denied the pro se motion to proceed *in forma pauperis* of Demetrious Smith. (Doc. 2).  Mr. Smith and his wife filed suit in state court against several mortgage brokers, lending agencies, and banking entities claiming fraud and a violation of consumer protection statutes.  *See Smith v. ABN AMRO*, Case No. A0410302 (filed Dec. 27, 2004).  Mr. Smith filed a pro se "notice of removal to federal court" purporting to remove his state court action to federal court.  The Court determined that Mr. Smith, as the plaintiff in the state court action, may not remove a case from state to federal court, *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941), and denied his motion to proceed *in forma pauperis*.  Plaintiffs now seeks reconsideration of the Court's Order contending removal is permissible under 28 U.S.C. § 1441(c).  For the reasons that follow, plaintiffs' motion for reconsideration is denied.

       It is well settled that defendants are the only parties that may exercise the power of

removal. *See Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954); *American Intern. Underwriters (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988); *Geiger v. Arctco Enterprises, Inc.*, 910 F. Supp. 130, 131 (S.D.N.Y. 1996); *Smith v. St. Luke's Hospital*, 480 F. Supp. 58, 61 (D.S.D. 1979); *Union Const. Co. v. Dillingham Corp.*, 334 F. Supp. 502, 503 (S.D. Tex. 1971). *See also* 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3731 (2005). Section 1441(a), which generally defines removal jurisdiction, expressly limits that jurisdiction to actions "removed by the defendant or the defendants." The limitation on removal by defendants is reflected in several other statutory provisions as well. *See* 28 U.S.C. §§ 1443, 1446(a).

Nevertheless, plaintiffs contend this case may be removed pursuant to 28 U.S.C. § 1441(c), which provides, "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." Section 1441(c) was intended to permit removal "when a plaintiff or plaintiffs join multiple claims or causes of action together in a complaint, one of which supports removal jurisdiction because it raises a federal question that comes within the ambit of federal question jurisdiction conferred on federal district courts under 28 U.S.C. § 1331." *Henderson v. Southern States Police Benevolent Association, Inc.*, 2002 W.L. 32060139, *7 (E.D. Tenn. 2002). Plaintiffs contend that their assertion of a federal Real Estate Settlement Procedures Act ("RESPA") claim is separate and independent of the state

law claims asserted in their complaint and permits removal in this case. Implicit in plaintiffs' argument is the notion that because subsection 1441(c) does not explicitly state that only a "defendant" may remove an action, a plaintiff may remove an action from state to federal court pursuant to this provision. The Court disagrees.

Section 1441 is a jurisdictional statute which must be strictly construed. *See Wilson v. U.S. Dept. of Agriculture, Food and Nutrition Service*, 584 F.2d 137, 142 (6th Cir. 1978). Section 1441(c) contains no such specific authorization allowing a plaintiff to remove, *Smith v. St. Luke's Hospital*, 480 F. Supp. 58, 61 (D.S.D. 1979), and is silent on the question of who may remove an action to federal court. To infer from this silence the right of a plaintiff to remove cases to federal court would be incompatible with the principle of strictly construing jurisdictional statutes and render the limitation of removal to defendants set forth in section 1441(a) meaningless. *Chase v. North American Systems, Inc.,* 523 F. Supp. 378, 382 (W.D. Pa. 1981). Contrary to plaintiffs' contention, section 1441(c) does not expand the jurisdiction of the federal courts to permit a plaintiff to remove an action from state to federal court. *Smith*, 480 F. Supp. at 61. Therefore, Mr. Smith, a plaintiff in the state court action, has no right to remove his case from state to federal court. Accordingly, plaintiffs' motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

    s/Susan J. Dlott
Susan J. Dlott
United States District Judge